# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MELISSA HADLEY,

    *Plaintiff,*

v.

KENNETH J. KOERNER, D.C.,

    *Defendant.*

Case No. 17-cv-01221-EFM

## MEMORANDUM AND ORDER

This case arises from a previous case in this District, No. 14-cv-01055-KHV, which was dismissed for lack of subject-matter jurisdiction on November 21, 2016. Plaintiff Melissa Hadley claims this action was appropriately refiled according to the provisions of the Kansas saving statute, K.S.A. § 60-518. Defendant Kenneth Koerner now moves the Court to dismiss this action for failing to state a claim. For the reasons stated below, Koerner's motion to dismiss (Doc. 3) is denied.

### I.    Factual and Procedural Background

Hadley filed the original action against seven defendants on February 20, 2014, alleging medical malpractice arising from events occurring two years earlier on February 20, 2012. All defendants except Koerner were voluntarily dismissed by October 19, 2016. On November 21,

2016, Judge Vratil declined to exercise supplemental jurisdiction over the remaining claims against Koerner, thus dismissing the case for lack of subject matter jurisdiction.

Hadley then filed a motion for alteration or amendment of judgment under Federal Rules of Civil Procedure 59(e) and 60(b), asking the Court to reconsider its dismissal, on December 19, 2016. On February 27, 2017, the Court entered a memorandum and order on Hadley's motion. Construing Hadley's motion under Rule 59(e), the Court concluded that Hadley pointed to no reason for the Court to exercise supplemental jurisdiction, and declined to reconsider its ruling.[1]

Hadley filed this present action on August 26, 2017. In the Complaint, Hadley alleges, in relevant part:

> 6. On February 20, 2014, the Plaintiff timely commenced this action against Defendant Kenneth Koerner, D.C., by filing a Complaint with the Clerk of the United States District Court for the District of Kansas at Wichita.
>
> 7. Case number 14-CV-1055-KHV-KGS was pending, and continued to be pending to and including the date of February 27, 2017, which was a date three years and seven days after the original statute of limitations applicable to the Plaintiff's claims would have expired, at which time the claims still active and pending therein against Kenneth Koerner, D.C. were Dismissed Without Prejudice.
>
> 8. This Complaint is being refiled within six months from the date of February 27, 2017, pursuant to the provisions of the Kansas State Saving Statue, K.S.A. 60-518. The claims set forth herein arise out of the same core of operative facts and are the same as or substantially similar to those claims previously asserted against Defendant Kenneth J. Koerner, D.C. in Case Number 14-CV-1055-KHV-KGS.

---

[1] *See Hadley v. Hays Med. Ctr.*, 2017 WL 748129, at *2 (D. Kan. 2017) (holding that the "plaintiff points to no reasons which compel the Court to exercise supplemental jurisdiction to decide the merits of her state law claims"). In a footnote, the Court noted that, alternatively, Hadley was seeking relief under Rule 60(b). Noting that the Court has discretion to grant or deny a motion to vacate judgment under Rule 60(b), the Court declined to grant Hadley relief for the reasons stated in the Court's Rule 59(e) analysis. *Id.* at *2 n.3.

-3-

Normally, medical malpractice claims are limited by a two-year statute of limitations.[2] The Kansas saving statute does not change the period of limitation, but it grants a plaintiff who timely filed an action, but it "failed" otherwise than upon the merits, a six-month grace period to file a new action.[3] Hadley asserts that the original action did not fail until the Court denied the motion to reconsider on February 27, 2017. Thus, because of the saving statute, Hadley argues that her present action was timely filed within the six-month grace period on August 26, 2017.

Koerner asserts that the original action failed when it was dismissed for lack of subject-matter jurisdiction on November 21, 2016. Koerner argues that the saving statute's six-month grace period for refiling began to run on that date, and expired on May 21, 2017. According to Koerner, because this action was not filed until August 26, 2017, Hadley's claims are barred by the statute of limitations.

## II.     Legal Standard

Koerner moves this Court dismiss the action under Federal Rule of Civil Procedure 12(b)(6), arguing that this action is barred by the applicable statute of limitations. To survive a motion to dismiss, a complaint must present factual allegations, assumed to be true, to "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[4] The statute of limitations is generally considered an affirmative defense, but there are times it may be appropriate to resolve a statute of limitations issue at the motion to dismiss stage, especially "when the dates given in the complaint make clear that the right

---

[2] K.S.A. § 60-513(a)(7).

[3] K.S.A. § 60-518.

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

-4-

sued upon has been extinguished" and there is no basis for tolling the statute.[5] If the statute of limitations has indeed expired, then Hadley has no claim upon which relief can be granted.[6]

### III.    Analysis

The Court begins by considering the provision of the Kansas saving statute, K.S.A. § 60-518, which is critical to the viability of Hadley's case. The statute provides that,

> [i]f any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his or her representatives may commence a new action within six (6) months after such failure.

As explained by the Kansas Supreme Court,

> [t]he general periods of limitation are not changed by [the saving] provision, but it is intended to give a party who brought an action in time, which was disposed of otherwise than upon the merits after the statute of limitations had run, a [period] of grace in which to reinstate his [or her] case and obtain a determination upon the merits.[7]

In order for the saving statute to apply: (1) the first action must have been filed before the limitations period expired; (2) the plaintiff's first action failed for reasons other than the merits of the claim; (3) the second action must have been filed within six months of "such failure"; and (4) but for the saving statute, the limitations period must have expired before the second action was filed.[8]

---

[5] *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

[6] *See Sanchez v. Daniels*, 2006 WL 1875370, at *1–2 (10th Cir. 2006).

[7] *Seaboard Corp. v. Marsh Inc.*, 295 Kan. 384, 284 P.3d 314, 321 (2012) (citing *Smith v. Graham*, 282 Kan. 651, 147 P.3d 859 (2006)); *Rogers v. Williams, Larson, Voss, Strobel & Estes*, 245 Kan. 290, 777 P.2d 836 (1989)).

[8] *See* K.S.A. § 60-518; *Lehman v. City of Topeka*, 50 Kan. App. 2d 115, 323 P.3d 867, 870 (2014).

Koerner does not dispute that three of the elements are satisfied. However, the parties dispute whether this action was filed within six months of the first action's "failure." Koerner argues that failure of the original action occurred upon dismissal of the case for lack of subject matter jurisdiction on November 21, 2016. But Hadley asserts that it did not fail, and remained pending, until her motion to reconsider was denied on February 27, 2017. Thus, the Court must determine which event triggered the Kansas saving statute's six-month grace period.

**A.     Failure Does Not Occur Until a Judgment Becomes Final**

As the outcome of this motion ultimately hinges on the Court's interpretation of the Kansas saving statute, it is appropriate to turn to the interpretation given by Kansas courts.[9] The saving statute "is remedial, and should be liberally construed, with a view of carrying into effect the purpose of the legislature."[10]

In *Seaboard*, the Kansas Supreme Court analyzed the issue of when a prior class action had "failed," thus triggering the saving statute's six-month grace period. Specifically, the issue was whether the action "failed" when the federal district court entered the order of dismissal, or when the plaintiffs' timely appeal had concluded.[11] The Court began its analysis by recognizing "that it is the *pendency* of the first action that preserves a plaintiff's claim."[12] The Court then noted that the saving statute "does not use 'dismissal' as the triggering point," but rather "the grace period

---

[9] *Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 665–66 (10th Cir. 2007) (citing *Wankier v. Crown Equip. Corp.*, 353 F.3d 862, 866 (10th Cir. 2003)) ("In cases arising under diversity jurisdiction, the federal court's task is not to reach its own judgment regarding the substance of the common law, but simply to 'ascertain and apply the state law.'… The federal court must follow the most recent decisions of the state's highest court.").

[10] *Seaboard Corp.*, 284 P.3d at 331 (quoting *Denton v. City of Atchison*, 76 Kan. 89, 90 P. 764, 765 (1907)).

[11] *Id.* at 328–29.

[12] *Id.* at 331.

of [the saving statute] is triggered when a plaintiff 'fails' in the first action otherwise than on the merits."[13]  Additionally, "having options"—such as the option to appeal an order that would otherwise be binding—"does not mean a plaintiff's action has failed as [the saving statute] requires."[14]  Thus, the trial court's *ruling* is not determinative of "when an action '*fails*.' "[15]  Rather, "there can be events other than a trial court's dismissal that trigger the beginning of the grace period of [the saving statute] . . . ."[16]

Applying these principles, the Court held that "a plaintiff cannot 'fail' while an appeal is pending because the trial court's ruling is subject to review and could be reversed."[17]  The Court added that "it does not matter whether a plaintiff's reliance on an appeal is reasonable" or whether plaintiff was likely to file an appeal.[18]  Thus, the *Seaboard* Court concluded that the plaintiffs' first action had not failed at the point of dismissal because that judgment was not final, and there was not a "completed failure of the action until the appeal ended."[19]

In a recent case, *Lozano v. Alvarez*,[20] the Kansas Supreme Court held that the saving statute applies "only to an action that was commenced during the statute of limitations period and that was *dismissed* for a reason other than on the merits after the expiration of the statute of limitations

---

[13] *Id.* at 329.

[14] *Id.* at 331.

[15] *See id.* at 330 (emphasis added).

[16] *Id.*

[17] *Id.*

[18] *Id.* at 329.

[19] *Id.* at 331.

[20] 306 Kan. 421, 394 P.3d 862 (2017).

period."[21] Similarly, in *Neighbor v. Westar Energy, Inc.*,[22] the Court held that the plaintiff was "entitled to file his eminent domain appeal under this saving statute within 6 months of the *initial dismissal* without prejudice."[23] At first blush, these more-recent cases appear to hold that an action "fails" when it is dismissed. However, neither of these cases addressed the issue present in *Seaboard*—when an action "fails," thus triggering the saving statute's grace period.[24]

Thus, *Seaboard* controls the resolution of this case. Under *Seaboard*, an order of dismissal does not trigger the saving statute's grace period while the order "is subject to review and could be reversed."[25] Accordingly, there is not a "completed failure of the action" until the dismissal order is no longer subject to review on appeal—even if the appeal was not reasonable.[26] Judgment does not become final, and the six-month grace period is not triggered, until review of the dismissal order has concluded.

**B.    Judgment Does Not Become Final Until the Court Disposes of a Rule 59(e) Motion**

Having concluded that *Seaboard* controls, the Court must now determine whether a timely Rule 59(e) motion causes an action to remain pending even though final judgment has been entered dismissing the case. Hadley argues that Rule 59 grants the district court the power to alter or

---

[21] *Id.* at 864 (emphasis added).

[22] 301 Kan. 916, 349 P.3d 469 (2015).

[23] *Id.* at 473 (emphasis added).

[24] *See Lozano*, 394 P.3d at 865 (analyzing the sole issue of "whether the [saving] statute may be invoked in serial fashion, with the only limitation being that each new case must be filed within 6 months" of the prior action's failure); *Neighbor*, 349 P.3d at 470 (analyzing "whether the Kansas saving statute applies to appeals from appraisers' awards in eminent domain proceedings," but not having cause to consider when an action has "failed" under the statute).

[25] *Seaboard Corp.*, 284 P.3d at 330.

[26] *Id.* at 329, 331.

-8-

amend an order of dismissal, then, surely, the case subject to a Rule 59(e) motion must still be pending before the district court.  According to Hadley, Rule 59 grants the district court authority to correct its own errors, which would spare the parties and the appellate court the burden of unnecessary appellate proceedings.  Thus, as Hadley points out, a timely Rule 59(e) motion suspends a notice of appeal until the motion is disposed of.  But, according to Koerner, a Rule 59(e) motion may lengthen the time to file a notice of appeal, but not to refile under the saving statute.  Koerner argues that a Rule 59(e) motion—particularly one that was overruled—cannot arbitrarily extend the applicability of a savings statute.

The cases analyzing the effect of a Rule 59(e) motion on a judgment generally focus on the effect that the motion has on the running of the period in which an appeal may be filed.[27]  Rule 59 grants "the district court an opportunity to correct its own errors, which in turn spares the parties and the court of appeals the burden of unnecessary appellate proceedings."[28]  Indeed, Rule 59(e) grants the district court authority to alter, vacate, or even reverse its prior holding.[29]  Thus, a Rule 59(e) motion filed before an appeal is taken tolls the time for taking an appeal, and when filed after the notice of appeal, divests the appellate court of jurisdiction.[30]

Because a timely Rule 59(e) motion divest the appellate court of jurisdiction, the necessary implication is that jurisdiction is retained—and the action remains pending before—the district

---

[27] *See, e.g.*, *Stone v. INS*, 514 U.S. 386, 402–03 (1995) (explaining that a timely Rule 59 motion divests the appellate court of jurisdiction).

[28] *Warren v. Am. Bankers Ins. of Fla.*, 507 F.3d 1239, 1245 (10th Cir. 2007) (citation omitted).

[29] *See, e.g.*, *Nat'l Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc.*, 899 F.2d 119, 123–24 (1st Cir. 1990).

[30] *Stone*, 514 U.S. at 402–03; *see also* Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of [a Rule 59(e) motion]—the notice becomes effective to appeal [the] judgment . . . when the order disposing of the [Rule 59(e)] motion is entered.").

court. This is because a timely Rule 59(e) motion "cause[s] the underlying judgment to *lose its finality*."[31] Although Rule 59(e) motions are "rarely granted,"[32] the Court is aware of no exceptions to the rule that a timely Rule 59(e) motion renders the underlying judgment nonfinal.[33] On the contrary, a timely Rule 59(e) motion—even if frivolous—automatically grants "the district court the power and jurisdiction to amend the judgment for any reason" and causes the judgment to lose its finality.[34]

Under *Seaboard*, then, the Court concludes that an action remains pending, and the saving statute's grace period is not triggered, until the district court rules on a timely Rule 59(e) motion. When a Rule 59(e) motion is timely filed, jurisdiction is conferred upon the district court to reconsider its prior judgment, and the district court is authorized to alter, vacate, or even reverse its prior holding.[35] And, by its very nature, a timely Rule 59(e) motion causes the prior judgment to lose its finality.[36] Thus, an action is still pending, and judgment is not final, until the motion is disposed of.

---

[31] *Lyghtle v. Breitenbach*, 139 F. App'x 17, 21 (10th Cir. 2005) (emphasis added); *see also Weyant v. Okst*, 198 F.3d 311, 315 (2d Cir. 1999) ("A judgment's finality is restored upon the resolution of the last of any postjudgment motions that operated to suspend finality."); *Derrington-Bey v. D.C. Dep't of Corrs.*, 39 F.3d 1224, 1225 (D.C. Cir. 1995) (stating that the time limit for filing a Rule 59(e) motion "is to be kept short presumably because a timely Rule 59(e) motion deprives the judgment of finality"); *Int'l Ctr. for Tech. Assessment v. Leavitt*, 468 F. Supp. 2d 200, 206 (D.D.C. 2007) (concluding that "a timely filed Rule 59(e) motion suspends the finality of a judgment not just at the appellate level, but at the district court level as well"); Fed. R. Civ. P. 59(e) advisory committee's note to 1995 amendment (clarifying that motions to alter or amend a judgment "affect the finality of the judgment").

[32] *See Venice Baking Co. v. Sophast Sales & Mktg. LLC*, 2016 WL 5936847, at *1 (C.D. Cal. 2016); *M.K. v. Tenet*, 196 F. Supp. 2d 8, 12 (D.D.C. 2001).

[33] *See Stone*, 514 U.S. at 402–03 (recognizing that Rule 59 motions "render the underlying judgment nonfinal . . . .").

[34] *See Varley v. Tampax, Inc.*, 855 F.2d 696, 699 (10th Cir. 1988); *Leavitt*, 468 F. Supp. 2d at 206.

[35] *See Kirby v. OCWEN Loan Serv., LLC*, 641 F. App'x 808, 812 (10th Cir. 2016); *Nat'l Metal Finishing Co.*, 899 F.2d at 123–24; *Varley*, 855 F.2d at 699.

[36] This is not the case for all post-judgment motions. Take Rule 60(b) motions, for example, "which, if proper, would not disturb the finality of the judgment." *Melton v. Fisher*, 1991 WL 35364, at *1 (10th Cir. 1991); *see*

Even though Rule 59(e) motions are "rarely granted," "it does not matter whether a plaintiff's reliance on an appeal is reasonable" under *Seaboard*.[37]  Rather, the relevant inquiry is whether the order is "subject to review and could be reversed."[38]  There is not a "completed failure of the action" until the order of dismissal is no longer subject to review and the judgment becomes final.[39]  When a Rule 59(e) motion is timely filed, the action remains pending before the district court because such motion renders judgment nonfinal and subject to review.  Thus, there is not a "completed failure of the action" until the district court disposes of the Rule 59(e) motion.  Only when the motion is disposed of will the saving statute's six-month grace period be triggered.

### C.     Hadley's First Action Did Not Fail Until February 27, 2017

The Court must now determine whether this present action was timely filed.  As mentioned above, in order for the saving statute to apply: (1) the first action must have been filed before the limitations period expired; (2) the plaintiff's first action failed for reasons other than the merits of the claim; (3) the second action must have been filed within six months of "such failure"; and (4) but for the saving statute, the limitations period must have expired before the second action was filed.[40]

---

also *Hatfield v. Bd. of Cty. Comm'rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995) (citing *Browder v. Dir., Dep't of Corrs.*, 434 U.S. 257, 263 n.7 (1978)) ("Unlike a Rule 59(e) motion, a Rule 60(b) motion does not toll the time for filing a notice of appeal and does not affect the finality of the district court's judgment.").

[37] 284 P.3d at 329.

[38] *Id.* at 330 ("[A] plaintiff cannot 'fail' while an appeal is pending because the trial court's ruling is subject to review and could be reversed.").

[39] *Id.* at 330, 331.

[40] *See* K.S.A. § 60-518; *Lehman*, 323 P.3d at 870.

Applying these requirements here, it is undisputed that the first action was filed within the two-year statute of limitations for a medical malpractice claim.[41] Second, the District Court dismissed that action for lack of subject matter jurisdiction, which is a failure for reasons not based on the merits.

Regarding the third element, it is uncontested that Hadley's Rule 59(e) motion was timely filed in the first action.[42] Under *Seaboard*, there was not a "completed failure" of Hadley's first action until Judge Vratil disposed of Hadley's motion on February 27, 2017. This present action was filed on August 26, 2017. Thus, Hadley's second action was filed "within six (6) months after such failure."[43] Finally, Hadley alleged that Koerner's malpractice occurred on February 20, 2012. Thus, but for the saving statute, the two-year statute of limitations had clearly expired when Hadley filed her second action in August 2017.

Accordingly, Hadley has satisfied the requirements of the Kansas saving statute, and her action against Koerner was timely filed.

---

[41] These actions arise from events occurring on February 20, 2012. Hadley's first action was brought on February 20, 2014, just within the two-year statute of limitations for medical malpractice claims in Kansas. *See* K.S.A. § 60-513(a)(7) (providing "an action arising out of the rendering of or failure to render professional services by a health care provider, not arising on contract" must be brought within two years).

[42] The order of dismissal was filed on November 21, 2016, and Hadley's motion was timely filed on December 19, 2016—exactly 28 days later. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

[43] K.S.A. § 60-518.

**IT IS THEREFORE ORDERED** that Defendant Koerner's Motion to Dismiss (Doc. 3) is hereby **DENIED.**

**IT IS SO ORDERED.**

Dated this 12th day of June 2018.

*[signature: Eric F. Melgren]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE